IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-46,451-03






EX PARTE GREGORY E. WRIGHT









ON APPLICATION FOR WRIT OF HABEAS CORPUS AND MOTION FOR
STAY OF EXECUTION FROM CAUSE NO. W97-01215-J(C)

IN THE CRIMINAL DISTRICT COURT NO. 3

DALLAS COUNTY




 Per Curiam.


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for stay
of execution.

 In December 1997, a jury found applicant guilty of capital murder. The jury answered
the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071,
and the trial court, accordingly, set applicant's punishment at death. This Court affirmed
applicant's conviction and sentence on direct appeal. Wright v. State, 28 S.W.3d 526 (Tex.
Crim. App. 2000). Applicant filed his initial post-conviction application for writ of habeas
corpus in the convicting court on July 28, 1999. In that application, applicant raised twenty-three claims, in which he challenged the constitutionality of Articles 11.071 and 37.071,
claimed that he is actually innocent, and claimed that he received ineffective assistance of
both trial and appellate counsel. This Court denied applicant relief. Ex parte Wright, No.
WR-46,451-01 (Tex. Crim. App. Sept. 13, 2000)(not designated for publication). 

 Applicant filed his first subsequent application in the trial court on August 20, 2008. 
He raised two claims in the application: (1) an actual innocence claim based upon newly
discovered evidence; and (2) several "gateway" claims of constitutional violations. On
September 9, 2008, we held that applicant had met the dictates of Article 11.071, § 5, with
regard to the actual innocence claim raised in his first allegation. Therefore, we remanded
that allegation to the trial court to investigate the claim and develop the record. We did not
pass upon whether applicant's second allegation of various "gateway" claims met the dictates
of Section 5, but we did determine that the trial court could consider those "gateway" claims
as appropriate in relation to its review of the actual innocence recantation claim. We
declined to stay applicant's execution in light of the trial judge's order modifying the
execution date to October 30, 2008.

 On October 21, 2008, we received applicant's second subsequent application. 
Applicant raises two claims in this application: (1) an actual innocence claim based upon
newly discovered evidence; and (2) several "gateway" claims of constitutional violations. 
Applicant has failed to make a prima facie case of actual innocence. Therefore, we find that
these allegations do not meet the dictates of Article 11.071, § 5. Accordingly, applicant's
application is dismissed as an abuse of the writ.

 IT IS SO ORDERED THIS THE 28TH DAY OF OCTOBER, 2008.


Do Not Publish